UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | CASE NO: 19-05067-jw |
| LaSonya Lovette Wise | CHAPTER 13 |
| Address: 100 Fairforest Road, Apt. I3, Columbia, SC 29212 | |
| Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any): <u>3597</u> | |
| DEBTOR(S) | |

**NOTICE OF OPPORTUNITY TO OBJECT**

The debtor(s) in the above captioned case filed a chapter 13 plan on <u>October 8, 2019.</u> The plan is attached.

**<u>Your rights may be affected by the plan</u>. You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

Any objection to confirmation of the chapter 13 plan must be in writing filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

<u>If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.</u>

Date of Service:   10/8/19

/s/  Colleen Brunson
Signature of Attorney
Colleen Brunson
Brunson Law, LLC
1612 Marion Street, Suite 310
Columbia, SC 29201
(803) 403-1955 (p)
(866) 321-7829 (f)
cbrunson@brunsonlawllc.com
District Court I.D. #9609

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **LaSonya Lovette Wise** | | ☐ Check if this is a modified plan, and list below the sections of the plan that have been changed. |
| | First Name   Middle Name   Last Name | | |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | | ☐ Pre-confirmation modification<br>☐ Post-confirmation modification |
| Case number: (If known) | **19-05067-jw** | | |

District of South Carolina
# Chapter 13 Plan

5/19

## Part 1:  Notices

**To Debtor(s):**  **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.  Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan**. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan.  Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☑ Included | ☐ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | ☐ Included | ☑ Not Included |

## Part 2:  Plan Payments and Length of Plan

**2.1**  The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$570.00** per **Month** for **60** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan.  The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor | LaSonya Lovette Wise | Case number | 19-05067 |
|---|---|---|---|

**2.2    Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*

☑ The debtor will make payments pursuant to a payroll deduction order.
☐ The debtor will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**

*Check one.*

☑ The debtor will retain any income tax refunds received during the plan term.

☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

## Part 3:    Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan.  However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.    Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4).  Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*

☑ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2    Request for valuation of security and modification of undersecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3    Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or upon completion of the payment of its allowed secured claim in this case.

| **Name of Creditor** | **Collateral** | **Estimated amount of claim** | **Interest rate** | **Estimated monthly payment to creditor** |
|---|---|---|---|---|
| **Buddys Home** | **bedroom set** | **$800.00** | **6.25%** | **$16.00** |

| Debtor | **LaSonya Lovette Wise** | | Case number | **19-05067** | |
|---|---|---|---|---|---|
| **Name of Creditor** | **Collateral** | | **Estimated amount of claim** | **Interest rate** | **Estimated monthly payment to creditor** |
| | | | | | (or more) |
| | | | | | Disbursed by: <br> ☑ Trustee <br> ☐ Debtor |
| **Drive Time** | **2017 Chrysler 300** | | **$17,545.00** | **6.25%** | **$342.00** |
| | | | | | (or more) |
| | | | | | Disbursed by: <br> ☑ Trustee <br> ☐ Debtor |

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*

☐   **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked***

☑   The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| **Friendly Finance** <br><br> **Household goods** | **$953.76** | **unknown** | 1,760.00 S.C. Code Ann. § 15-41-30(A)(3) | **$1,760.00** | **$0.00** | **100%** |
| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
| **Lenders Loan of Columbia** <br><br> **household goods** | **$500.00** | **unknown** | 1,760.00 S.C. Code Ann. § 15-41-30(A)(3) | **$1,760.00** | **$0.00** | **100%** |
| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |

| Debtor | **LaSonya Lovette Wise** | | | Case number | **19-05067** | |

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| **Lenders Loan of Columbia** household goods | $1,200.00 | unknown | 1,760.00 S.C. Code Ann. § 15-41-30(A)(3) | $1,760.00 | $0.00 | 100% |
| **Regional Finance** household goods | $2,922.25 | unknown | 1,760.00 S.C. Code Ann. § 15-41-30(A)(3) | $1,760.00 | $0.00 | 100% |
| **Southern Finance** household goods | $400.00 | unknown | 1,760.00 S.C. Code Ann. § 15-41-30(A)(3) | $1,760.00 | $0.00 | 100% |
| **World Finance** household goods | $451.00 | unknown | 1,760.00 S.C. Code Ann. § 15-41-30(A)(3) | $1,760.00 | $0.00 | 100% |

*Use this for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided(to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | | |

*Insert additional claims as needed.*

**3.5    Surrender of collateral.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

☑ The debtor elects to surrender the collateral that secures the claim of the creditor listed below.  The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects.  A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Debtor | **LaSonya Lovette Wise** | Case number | **19-05067** |
|---|---|---|---|

| **Name of Creditor** | **Collateral** |
|---|---|
| **Anderson Brothers Bank** | **2013 Nissan Rogue** |

*Insert additional claims as needed.*

## Part 4:   Treatment of Fees and Priority Claims

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

    a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case.  Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement.  Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

    b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court.  Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis.  If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation.*

☐    **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

    a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full.  *Add additional creditors as needed.*

    b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

| Debtor | **LaSonya Lovette Wise** | Case number | **19-05067** |
|---|---|---|---|

    ☑    **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**    **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑    The debtor estimates payments of less than 100% of claims.
☐    The debtor proposes payment of 100% of claims.
☐    The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

    ☑    **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one*.

    ☑    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1**    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

    ☐    **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

☑

**Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| **Lakes at Harbison Apartments** | residence | $ 980.00 | $2160 through October 2019 | $36.00 at 0% |

    (or more)

### Part 7: Vesting of Property of the Estate

**7.1**    **Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

☑    Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate.

| Debtor | **LaSonya Lovette Wise** | Case number | **19-05067** |
|---|---|---|---|

The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.  Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.**   The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1.  This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8:   Nonstandard Plan Provisions

**8.1   Check "None" or List Nonstandard Plan Provisions**
☐   **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
**Debtors' Statement in Support of Confirmation**
**In connection with the plan dated   October 8, 2019 , the debtor(s) hereby state that they understand the following:**

**(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;**

**(2) The consequences of any default under the plan including the direct payments to creditors; and**

**(3) That debtor(s) may not agree to sell property, or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.**

**Date  October 8, 2019   By: /s/ LaSonya Wise**
    **Debtor**

### Part 9:   Signatures:

**9.1      Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

| X | **/s/ LaSonya Lovette Wise** | X | |
|---|---|---|---|
| | **LaSonya Lovette Wise** | | Signature of Debtor 2 |
| | Signature of Debtor 1 | | |
| | Executed on   **October  8, 2019** | | Executed on |
| X | **/s/ Colleen Brunson** | Date | **October  8, 2019** |
| | **Colleen Brunson 9609** | | |
| | Signature of Attorney for debtor  DCID# | | |

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

# United States Bankruptcy Court
## District of South Carolina

In re  **LaSonya Lovette Wise**      Case No. **19-05067-jw**

Debtor(s)     Chapter **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **October 8, 2019**, a copy of **hearing notice and plan** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**See Attached List**

/s/ Colleen Brunson
**Colleen Brunson 9609
Brunson Law LLC
1612 Marion Street
Suite 310
Columbia, SC 29201
803 403-1955 Fax:866-321-7829
cbrunson@brunsonlawllc.com**

```
Label Matrix for local noticing          Accelerated Financial Solution           American Education Services
0420-3                                    25 Woods Lake Rd, Ste. 507               PO Box 2461
Case 19-05067-jw                          Greenville SC 29607-2767                 Harrisburg PA 17105-2461
District of South Carolina
Columbia
Fri Oct  4 14:18:09 EDT 2019

Anderson Brothers Bank                    Attorney General of the United States    Colleen O. Brunson
PO Box 310                                950 Pennsylvania Ave, NW                 Brunson Law, LLC
Mullins SC 29574-0310                     Washington DC 20530-0009                 1612 Marion Street, Suite 310
                                                                                   Columbia, SC 29201-2938

Buddys Home                               Buddys Home Furnishings                  Capital One
2419 Broad River Road                     4705 S Apopka Vineland Road              Attn: Bankruptcy Dept.
Columbia SC 29210-6733                    Orlando FL 32819-3151                    PO Box 30285
                                                                                   Salt Lake City UT 84130-0285

Cash Net USA                              Comenity Bank                            Continental Finance Co.
175 W Jackson Blvd. Suite 1000            Bankruptcy Department                    4550 New Linden Hill Road, Ste. 400
Chicago IL 60604-2863                     PO Box 182125                            Wilmington DE 19808-2952
                                          Columbus OH 43218-2125

Credit Collection Service                 Davon Wise                               Diversified Consultants, Inc.
PO Box 607                                100 Fairforest Road, Apt. I3             PO Box 551268
Norwood MA 02062-0607                     Columbia SC 29212-2323                   Jacksonville FL 32255-1268

Drive Time                                (p)SECURITY FINANCE CENTRAL BANKRUPTCY   Geico
PO Box 29018                              P O BOX 1893                             One Geico Plaza
Phoenix AZ 85038-9018                     SPARTANBURG SC 29304-1893                Bethesda MD 20811-0002

IRS                                       Lakes at Harbison Apartments             Lenders Loan of Columbia
PO Box 7346                               100 Fairforest Rd                        2101 E Main Street
Philadelphia PA 19101-7346                Columbia SC 29212-2343                   Columbia SC 29201-2159

Midland Credit Management, Inc            Navient                                  PMAB LLC
PO Box 301030                             123 Justison Street, 3rd floor           4135 S. Stream Blvd. Ste. 400
Los Angeles CA 90030-1030                 Wilmington DE 19801-5363                 Charlotte NC 28217-4636

PRA Receivables Management, LLC           Palmetto Health Credit Union             Palmetto Health USC Medical Group
PO Box 41021                              PO Box 100167                            PO Box 2266
Norfolk, VA 23541-1021                    Columbia SC 29202-3167                   Columbia SC 29202-2266

Prisma Health                             REGIONAL MANAGEMENT CORP                 Regional Finance
PO Box 2266                               979 BATESVILLE RD., SUITE B              6729 Two Notch Road, Ste. L
Columbia SC 29202-2266                    GREER, SC 29651-6819                     Columbia SC 29223-7535
```

| | | |
|---|---|---|
| Robert Waldron II MD<br>905 Main Street<br>Newberry SC 29108-3421 | SCDOR<br>PO Box 12265<br>Columbia SC 29211-2265 | SFC Central Bankruptcy<br>PO Box 1893<br>Spartanburg, SC 29304-1893 |
| SYNCB/Walmart<br>Attn: Bankruptcy Dept<br>PO Box 965064<br>Orlando FL 32896-5064 | Security Finance<br>PO Box 3146<br>Spartanburg SC 29304-3146 | (p)SOUTHERN MANAGEMENT<br>PO BOX 1947<br>GREENVILLE SC 29602-1947 |
| William K. Stephenson Jr.<br>PO Box 8477<br>Columbia, SC 29202-8477 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 |
| US Attorney's Office<br>Attn: Doug Barnett<br>1441 Main Street, Suite 500<br>Columbia SC 29201-2862 | LaSonya Lovette Wise<br>100 Fairforest Road, Apt. I3<br>Columbia, SC 29212-2323 | World Acceptance Corporation<br>Attn: Bankruptcy Processing Center<br>PO Box 6429<br>Greenville SC 29606-6429 |
| World Finance<br>10008 Two Notch Rd, Ste. B<br>Columbia SC 29223-4316 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Friendly Finance<br>1112 Washington St.<br>Columbia SC 29201 | Southern Finance<br>7457 Patterson Road, Ste. 111<br>Columbia SC 29209 | End of Label Matrix<br>Mailable recipients   42<br>Bypassed recipients    0<br>Total                 42 |